DAVID B. SCHUMACHER, P.C. OSB #964222
3439 NE Sandy Blvd., #239
Portland, Oregon 97232
(503) 249-8384
(503) 249-8406 (facsimile)
schulaw@comcast.net

    Of Attorneys for Bank of America, N.A.

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | )   Bk. No. 13-33529-elp13 |
| | ) |
| Robert Joseph McCullough, Jr. and | )   CHAPTER 13 |
| Carla Jeanne McCullough, | ) |
| | )   OPPOSITION TO |
|     Debtors. | )   DEBTORS' OBJECTION TO CLAIM 4 OF |
| | )   BANK OF AMERICA, N.A. |
| | ) |
| | )   Hearing: |
| | )   Date : January 29, 2014 |
| | )   Time : 9:30 a.m. |
| | ) |

    Bank of America, N.A., its assignees and/or successors in interest, secured creditor in the

above-entitled Bankruptcy proceeding, its assignees and/or successors in interest, holds the

junior lien on the subject property generally described as **5138 SE 114th Avenue, Portland, Oregon 97266-3375** ("Property" herein), and hereby submits the following Opposition to Debtors' Objection to Claim #4 of Bank of America, N.A.:

On July 24, 2013, Bank of America, N.A. filed its Proof of Claim (Claim #4) in the amount of $65,701.08, with respect to its junior lien on the Property.

A Proof of Claim executed and filed constitutes *prima facie* evidence of the validity and amount of the claim. Federal Rule of Bankruptcy Procedure 3001 (f); In re Holm, 931 F.2d 620, 623 (9th Cir. 1991) quoting 3 Lawrence P. King, Collier on Bankruptcy Case Section 502.02, at 502-22 (15th ed. 1991). After an objection is raised, the objector bears the burden of going forward to produce evidence sufficient to negate the prima facie validity of the filed claim. In re Allegheny Intern, Inc., 954 F.2d 167, 173 (3rd Cir. 1992). If the objector produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by a preponderance of evidence that the claim deserves to share in the distribution of the debtor's assets. Allegheny Intern, Inc., 954 F.2d at 174; Holm, 931 F2d at 623; 3 Lawrence P. King, Collier on Bankruptcy, Section 502.02 at 502-22 (15th ed. 1993).

Debtors' Objection to Claim argues that the Creditor's claim should be disallowed in its entirety because it is non-recourse as to the Debtors. This conclusion is inconsistent with the Bankruptcy Code and the United States Supreme Court's ruling in *In re Johnson v. Home State Bank*, 501 U.S. 78, 111 S. Ct. 2150 (1991). In *Johnson*, the Supreme Court held that a claim discharged in a Chapter 7 case but secured by property of the debtor was a "claim" within the meaning of 11 U.S.C. § 101(5) in a subsequent Chapter 13 case. The Johnson Court found that, "A bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*." In re Johnson at 2154. Therefore, the lien of a debt secured by property of the debtor survives a chapter 7 discharge. The definition of a claim in section 101(5) encompasses both a right to payment from the debtor or a right to payment

that can be satisfied from the debtor's property. In the words of the Supreme Court, "either way, there can be no doubt that the surviving mortgage interest corresponds to an 'enforceable obligation' of the debtor." <u>Johnson</u> at 2154.

Accordingly, Secured Creditor's enforceable obligation against the debtor still exists after Chapter 7 discharge and the entire claim of Creditor must be scheduled to be included under the general unsecured category and Creditor should receive any distribution to unsecured creditors, if any.

To reiterate, Congress intended to adopt the broadest available definition of "claim" in the context of bankruptcy proceedings. <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 83-84 (1991) (citing <u>Pennsylvania Dept. of Public Welfare v. Davenport</u>, 495 U.S. 552, 558 (1990)), *see* H. Rep. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 308-314[1]. According to 11 U.S.C. § 102(2), a "**claim against the debtor' includes [a] claim against property of the debtor**." 11 U.S.C. § 102(2) (emphasis supplied). The legislative history clearly states that the purpose of 11 U.S.C. § 102(2) is to categorize as a "claim" **"nonrecourse loan agreements where the creditor's only rights are against the property of the debtor, and not against the debtor personally."** H. Rep. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 315, 316.[2] Therefore, the debtor need not be personally liable on the claim. In *Johnson*, the United States Supreme Court addressed the issue of "whether a debtor can include a mortgage lien in a Chapter 13 bankruptcy reorganization once the personal obligation secured by the mortgaged property has been discharged in a Chapter 7 proceeding." <u>Johnson</u>, 501 U.S. at 80. The *Johnson*

---

[1] By this broadest possible definition, and by the use of the term throughout the title 11, especially in subchapter I of chapter 5, the bill contemplates *all legal obligations of the debtor, no matter how remote or contingent*, will be able to be dealt with in the bankruptcy case. *It permits the broadest possible relief in the bankruptcy court.* (H. Rep. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 308-314) (emphasis added).

[2] This paragraph is intended to cover nonrecourse loan agreements where the creditor's only rights are against the property of the debtor, and not against the debtor personally. Thus, such an agreement would give rise to a claim that would be treated as a claim against the debtor personally, for the purposes of the bankruptcy code. However, it would not entitle holders of the claim to distribution other than from the property in which the holder had an interest. (H. Rep. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 315, 316.)

Court held as follows: "**We hold that the mortgage lien in such a circumstance remains a 'claim' against the debtor that can be rescheduled under Chapter 13**." Id.

Based on the foregoing, the Creditor's claim is an allowed claim against the Debtor and should be treated as a general unsecured claim under the Chapter 13 Plan and be paid *pro rata* along with other general unsecured claimants.

Therefore, it is respectfully requested that Debtor's Objection to Claim be denied.

WHEREFORE, secured creditor prays as follows:

(1) That Debtor's Objection to Claim be denied.

(2) For such other relief as this Court deems proper.

Dated: 01/15/14                    ___/s/ David B. Schumacher_____
                                   DAVID B. SCHUMACHER, PC
                                   Oregon State Bar No. 964222
                                   Retained Counsel for Creditor
                                   3439 NE Sandy Blvd., #239
                                   Portland, Oregon 97232
                                   (503) 249-8384
                                   (503) 249-8406 (facsimile)
                                   schulaw@comcast.net
                                   B.500-16557

CERTIFICATE OF SERVICE

I hereby certify that on _____01/15/14_____, I served the

foregoing OPPOSITION TO DEBTORS' OBJECTION TO CLAIM #4 on the following

individuals by mailing to said individuals true copies thereof, addressed to their last known

regular addresses and deposited in the Post Office at Portland, Oregon and/or via ecf service:

Robert Joseph McCullough, Jr.
Carla Jeanne McCullough
5138 SE 114th
Portland, OR 97266
Debtors

E. Clarke Balcom
1312 SW 16th Ave #200
Portland, OR 97201
Attorney for Debtors

Wayne Godare, Trustee
222 SW Columbia St #1700
Portland, OR 92701
Chapter 13 Trustee

U.S. Trustee, Portland
620 SW Main St #213
Portland, OR 97205


      Dated: 01/15/14                   __/s/ David B. Schumacher_____
                                       DAVID B. SCHUMACHER, PC
                                       Oregon State Bar No. 964222
                                       Retained Counsel for Creditor
                                       3439 NE Sandy Blvd., #239
                                       Portland, Oregon 97232
                                       (503) 249-8384
                                       (503) 249-8406 (facsimile)
                                       schulaw@comcast.net
                                       B.500-16557

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **SPECIAL NOTICE**

**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights, which you may have by law.  <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## **CONSUMER DISCLOSURE**

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose.  Please be advised that if you notify Prober and Raphael, ALC within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael, ALC will mail you a written verification of the obligations or judgment and the amounts owed to Bank of America, N.A.  In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.